IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THADDEUS MOORE, | * | |
| Plaintiff | * | |
| v. | * | Civil No. 14-CV-01788 CCB |
| MT. SAINT JOSEPH HIGH SCHOOL, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MOTION TO DISMISS**

Defendant Mount Saint Joseph High School ("Defendant" and/or "MSJ"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), moves this Honorable Court to dismiss the Complaint brought by Plaintiff Thaddeus Moore for lack of subject matter jurisdiction and in support thereof states the following:

1. Plaintiff has failed to allege any federal question or diversity of citizenship that would justify federal jurisdiction.

WHEREFORE, for the above-stated reason and those to be explained more completely in the attached Memorandum in Support of Defendant's Motion to Dismiss, Defendant respectfully requests that this Honorable Court issue an Order granting it's Motion and for whatever additional relief this Court deems appropriate.

DATED:  June 13, 2014					Respectfully submitted,


						/s/ Ronald M. Cherry
						Ronald M. Cherry #07927
						Megan Kinsey-Smith #16866
						Bonner Kiernan Trebach & Crociata LLP
						36 South Charles Street, Suite 2310
						Baltimore, Maryland 21201
						(410) 415-1666 (phone)
						(410) 415-1667 (facsimile)
						rcherry@bonnerkiernan.com
						mkinseysmith@bonnerkiernan.com

						*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2014, a copy of the foregoing Motion to Dismiss, attached Memorandum of Law in Support thereof and proposed Order were sent via first-class mail, postage prepaid upon:

	Thaddeus Moore
	10069 Guilford Road
	Jessup, Maryland 20794

	Xaverian Brothers Generalate
	4409 Frederick Avenue
	Baltimore, Maryland 21229


						/s/ Ronald M. Cherry

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THADDEUS MOORE, | * | |
| Plaintiff | * | |
| v. | * | Civil No. 14-CV-01788 CCB |
| MT. SAINT JOSEPH HIGH SCHOOL, *et al.*, | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant Mount Saint Joseph High School ("Defendant" and/or "MSJ"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1) moves this Honorable Court to dismiss the claims asserted against it, and in support thereof states as follows:

### BACKGROUND

Plaintiff is the father of a former student athlete, Thaddeus Moore II, who attended MSJ and graduated in 2011. Complaint Addendum, ¶1. On June 4, 2014, Plaintiff filed a Complaint in this Court asserting both diversity and federal question jurisdiction, seeking damages of $10,000,000, an injunction against Defendant from talking with his son and a police investigation for conduct described in a five (5) paragraph addendum and various other attachments, including emails, letters and newspaper articles. Plaintiff alleges that Defendant "did everything they could to prevent [his son] Thaddeus Moore II from obtaining a college scholarship once the father, Thaddeus Moore complained the school

295417_1

continued its harassment of the student through unwanted continual conversations from Barry Fitzpatrick and touching from Mr. Fitzpatrick." Complaint Addendum, ¶5.

## STANDARD OF REVIEW

A court will grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "where a claim fails to allege facts upon which the court may base jurisdiction." *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Although "[d]ocuments filed *pro se* are 'liberally construed' and are 'held to less stringent standards than formal pleadings drafted by lawyers,'… [a] plaintiff [still] carries the burden of establishing subject matter jurisdiction." *McCollum v. NJ Division of Motor Vehicle, et al.*, Civil Action No. RDB-12-1525, 2012 U.S. Dist. LEXIS 174990, *11 (D. Md. Dec. 11, 2012) (*citing Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). Original jurisdiction is granted to the federal courts when there is diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332 (a)(1).

## PLAINTIFF'S COMPLAINT FAILS TO ALLEGE PROPER SUBJECT MATTER JURISDICTION

The federal courts have original jurisdiction of civil actions: (1) where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs, and *is between citizens of different states*, and (2) arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331 and 28 U.S.C. § 1332 (a)(1). Neither of these categories of jurisdiction applies here.

1.  **There is no Diversity of Citizenship.**

According to Plaintiff's Complaint and Civil Cover Sheet, Thaddeus Moore is citizen of Maryland, residing at 10069 Guilford Road, Jessup Maryland 20794. Defendant Mount Saint Joseph High School is also a resident of Maryland. Indeed, Plaintiff's Civil Cover Sheet, while checking the box for diversity of citizenship as the basis of federal jurisdiction (Section II), acknowledges that both

Plaintiff and Defendant are citizens of this state (Section III). As such, there is no diversity of citizenship that would give this Court original jurisdiction. 28 U.S.C. § 1332 (a)(1).

**2. There is no Federal Question.**

Plaintiff's Complaint also identifies "federal question" as the basis for jurisdiction in this Court. *See* Complaint ¶ 1 (checking box for Federal Question). In order for Plaintiff to survive a motion to dismiss based on Rule 12(b)(1) absent diversity of citizenship, his Complaint must allege facts upon which this Court can base jurisdiction, *i.e.*, it must raise a federal question. *See McCollum,* 2012 U.S. Dist. LEXIS 174990, at 20. The Plaintiff's case makes allegations that sound in negligence, vicarious liability, potential intentional infliction of emotional distress and "child abuse" (*see generally* Complaint Addendum), none of which are matters of federal law. *See also* Civil Cover Sheet, Section VI (identifying "Negligence" and "School's failure to manage employees' conduct, sexual abuse in 2009, principal's force resignation, emotional abuse" as description of causes of action). There is no allegation of any federal statute or the Constitution that would support federal question jurisdiction in this matter.

WHEREFORE, Plaintiff has failed to provide any basis for this Court to maintain jurisdiction over this cause of action and the case should be dismissed.

295417-1

DATED: June 13, 2014                    Respectfully submitted,


/s/ *Ronald M. Cherry*
Ronald M. Cherry #07927
Megan Kinsey-Smith #16866
Bonner Kiernan Trebach & Crociata LLP
36 South Charles Street, Suite 2310
Baltimore, Maryland 21201
(410) 415-1666 (phone)
(410) 415-1667 (facsimile)
rcherry@bonnerkiernan.com
mkinseysmith@bonnerkiernan.com

Counsel for Defendant

295417-1