IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THADDEUS MOORE, | * | |
| Plaintiff | * | |
| v. | * | Civil No. 14-CV-01788 CCB |
| MT. SAINT JOSEPH HIGH SCHOOL, *et al.*, | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY TO RESPONSE TO MOTION TO DISMISS AND MOTION TO STRIKE "PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

**1.     Plaintiff's Response to The Motion to Dismiss**

Plaintiff's Complaint contains no allegations supporting a claim under 42 U.S.C. § 1983 or a claim of a violation of the Fourteenth Amendment. In fact, until Plaintiff's opposition (captioned "Memorandum in Support of Plaintiff's Motion for Summary Judgment") was received, Defendant, Mount Saint Joseph High School, had no notice that Plaintiff intended to pursue these claims. In addition based upon Plaintiff's submission, none of the alleged § 1983 claims are actually claims against this Defendant. Instead they appear to be directed against actions or inactions against persons or entities that are not parties to this litigation.

To state a claim under 1983, a plaintiff has to allege: (1) the "violation of a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law." *See Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011).

Plaintiff has not stated such a claim against Mount Saint Joseph High School, nor could he, as movant does not and cannot "act under the color of state law" as private citizens.

Plaintiff's Complaint does not support a federal jurisdiction claim and should be dismissed.

2.  **Motion to Strike Plaintiff's "Motion for Summary Judgment"**

Plaintiff's purported Motion for Summary Judgment is premature and not in compliance with the Rules of this or any other Court. Rule 56 provides that summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Plaintiff fails to meet this high burden. He purports to move for judgment on claims that have not even been properly raised in his Complaint and without providing any admissible evidence of the "claims," outside of his own unsubstantiated assertions. Nearly all of the "facts" upon which plaintiff relies are conclusory allegations that are very much disputed by the Defendant, who, at this juncture is without a basic understanding of what Plaintiff is actually claiming.

WHEREFORE, for the above-stated reasons, Defendant respectfully requests that this Honorable Court issue an Order granting its Motion to Dismiss and striking Plaintiff's Motion for Summary Judgment and for whatever additional relief this Court deems appropriate.

DATED: July 18, 2014 Respectfully submitted,

/s/ *Ronald M. Cherry*
Ronald M. Cherry #07927
Megan Kinsey-Smith #16866
Bonner Kiernan Trebach & Crociata LLP
36 South Charles Street, Suite 2310
Baltimore, Maryland 21201
(410) 415-1666 (phone)
(410) 415-1667 (facsimile)
rcherry@bonnerkiernan.com
mkinseysmith@bonnerkiernan.com

*Counsel for Defendant Mount Saint Joseph High School*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July, 2014, a copy of the foregoing Reply in Support the Motion to Dismiss and Motion to Strike Plaintiff's Motion for Summary Judgment, and proposed Order were sent via first-class mail, postage prepaid upon:

Thaddeus Moore
10069 Guilford Road
Jessup, Maryland 20794

Xaverian Brothers Generalate
4409 Frederick Avenue
Baltimore, Maryland 21229

/s/ *Ronald M. Cherry*