IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THADDEUS MOORE | : | |
| | : | |
| v. | : | Civil No. CCB-14-1788 |
| | : | |
| MT. SAINT JOSEPH HIGH SCHOOL, et al. | : | |
| | : | |

## MEMORANDUM

Thaddeus Moore, Sr., sues Mount Saint Joseph High School (the "School") and the Xaverian Brothers Generalate, alleging the School mistreated his son, Thaddeus Moore II, during Thaddeus II's time as a student there. The School now seeks dismissal of Moore's complaint under Federal Rule of Civil Procedure 12(b)(1). The motion has been fully briefed and no hearing is necessary to its resolution. *See* Local Rule 105.5 (D. Md. 2014). For the reasons explained below, it will be granted. Moore's subsequent motion for summary judgment, the School's motion to strike, and Moore's motion to bring an additional charge of obstruction of justice will be denied as moot.

## BACKGROUND

Moore's son, Thaddeus Moore II, is a former student of the School. (Compl. 1). Moore alleges that the School's principal harassed his son by, among other things, ordering the School's athletic director to withhold playing time from Thaddeus II during school football games, "even at the critical times when Division I schools . . . noticed Thaddeus and requested his football highlights and further information about him." (*Id.*). After Moore complained to school

1

authorities, he alleges, those authorities "did everything they could do to prevent Thaddeus Moore II from obtaining a college scholarship." (*Id.* at 2.) Moore "seeks damages for pain and suffering, emotional distress, and loss of potential future earnings for Thaddeus Moore II in the amount of $10 Million US Dollars." (*Id.*).

## ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "A defendant may contest subject matter jurisdiction in one of two ways: by attacking the veracity of the allegations contained in the complaint or by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper." *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013). Here, the School asserts the second of these two objections, arguing that, on its face, Moore's complaint offers no grounds for federal jurisdiction. Accordingly, Moore must be "afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration," meaning that "the facts in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal citation and quotation marks omitted).

"Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). "There are three possible bases for a federal district court's exercise of jurisdiction over a given case: (1) jurisdiction under a specific statutory grant; (2) federal

question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Choice Hotels Int'l, Inc. v. Felizardo*, 278 F. Supp. 2d 590, 592 (D. Md. 2003). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint," as Federal Rule of Civil Procedure 8(a)(1) requires. *Pinkley*, 191 F.3d at 399. Specifically, that Rule commands plaintiffs to include in their complaints "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Although Moore's complaint lacks any such "short and plain statement of the grounds for the court's jurisdiction," that omission alone is not fatal, for the court may still wield "jurisdiction if the facts supporting jurisdiction have been clearly pleaded," *Pinkley*, 191 F.3d at 399. Such leniency is especially appropriate where, as here, a layperson files suit without the aid of counsel, because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, Moore's complaint fails to assert any basis for the exercise of jurisdiction over his case.

As to diversity jurisdiction, 28 U.S.C. § 1332(a)(1) conditions jurisdiction on the complete diversity of the parties; "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Moore's complaint indicates that all the parties are Maryland citizens. (Compl. 1; Civil Cover Sheet 1, ECF No. 1-20.) That circumstance precludes the exercise of diversity jurisdiction.

Instead, Moore stakes his claim on this court's federal question jurisdiction. In his

response to the School's motion to dismiss, Moore asserts, for the first time, that his claims sound in 42 U.S.C. § 1983, triggering jurisdiction under 28 U.S.C. §§ 1331, 1343(3). Perhaps the omission of any express reference to Section 1983 in Moore's complaint could be excused, on the ground that the facts of his complaint clearly expressed such a claim, *see, e.g.*, *Pinkley*, 191 F.3d at 399, or that "this Court has 'not been put to great effort to ascertain the matters upon which the jurisdiction depends and see[s] no point in requiring the [plaintiff] to further amend,'" *Ulman v. Boulevard Enters., Inc.*, 638 F. Supp. 813, 815–16 (D. Md. 1986) (alterations in original) (quoting *Arndt v. Bank of Am.*, 48 F. Supp. 961, 964 (N.D. Cal. 1943)), especially given his *pro se* status. Even assuming, however, that Moore had expressly invoked Section 1983 in his complaint, that claim is so insubstantial that it cannot support the exercise of this court's jurisdiction.

"Federal jurisdiction requires that a party assert a *substantial* federal claim." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (quoting *Davis v Pak*, 856 F.2d 648, 650 (4th Cir. 1988)). "A claim is insubstantial only if 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 32 (1933)). This prohibition against insubstantial federal questions guards against opportunistic invocation of federal law "as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." *Lovern*, 190 F.3d at 655.

The trouble with Moore's belated invocation of Section 1983 lies in the absence of anything in his complaint resembling the misuse of state authority, which the statute requires.

"A federal civil rights claim based upon § 1983 has two essential elements: '[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (alteration in original) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Nothing in Moore's complaint so much as hints at this second element, which courts sometimes refer to as the "color of law" requirement.

Section 1983 remedies only conduct under color of state law, a legal term of art synonymous with "state action.  "[M]erely private conduct, no matter how discriminatory or wrongful[,] fails to qualify as state action . . . . [P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (first alteration in original) (internal citations and quotation marks omitted).  This limitation on Section 1983 "maintain[s] the Bill of Rights as a shield that protects private citizens from the excesses of government, rather than a sword that they may use to impose liability upon one another." *Id.* (quoting *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006)).

Here, Moore sues a private parochial school and the private religious order that sponsors it.[1]  The private character of these defendants is not, in itself, conclusive.  This is so because private conduct sometimes satisfies the color of law requirement where, for example, "there is a sufficiently *close nexus*" between the allegedly wrongful private conduct and the state; where a state agency relies "*symbiotic*[ly]" on a private entity for funding; or where the private entity

---

[1] Although Moore's complaint does not expressly indicate whether the School and the Xaverian Brothers Generalate are private or public entities, a court considering a motion under Rule 12(b)(6) may consider facts of which  it "may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Insofar as parallel procedural protections apply to motions under 12(b)(6) and those under 12(b)(1) premised on the facial insufficiency of a complaint , *see Kerns*, 585 F.3d at 192, judicial notice of the private character of the institutions Moore sues here—which is generally known in this jurisdiction, Fed. R. Evid. 201(b)(1)—is proper.

exercises "powers traditionally exclusively reserved to the state." *Philips*, 572 F.3d at 181–82 (internal citations and quotation marks omitted) (collecting cases). Moore's complaint, however, is devoid of anything indicating that the conduct of which he complains is attributable to the state. The private character of the entities Moore sues, combined with the absence of anything so much as suggesting state action in his complaint, makes Moore's Section 1983 claim too insubstantial to support jurisdiction.

Moore's belated invocation of Section 1983 confirms the propriety of applying the insubstantiality doctrine to his case. True, that doctrine is disfavored and thus applied sparingly. *See, e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *In re Larch*, 872 F.2d 66, 68 (4th Cir. 1989); *cf. Yazoo Cnty. Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1160–61 (1982) (Rehnquist, J., dissenting from denial of certiorari). "But it remains the federal rule," *Hagans*, 415 U.S. at 538, and its significance lies largely in preventing the pretextual invocation of federal jurisdiction, *see, e.g.*, *Lovern*, 180 F.3d at 654. Where, as here, a plaintiff cites for the first time a federal statute, with little application to the facts alleged in his complaint, in response to a motion to dismiss for want of subject matter jurisdiction, it gives rise to an inference of pretext.[2]

---

[2] In its opposition to Moore's motion to bring an additional charge, the School requests attorney's fees under 42 U.S.C. § 1988(b) on the basis of the frivolous character of Moore's claims. (ECF No. 12.) That request does not arise in a separate motion and accompanying memorandum, as Local Rule 109.2 requires. "Accordingly, the matter is not yet ripe for decision." *TFWS, Inc. v. Schaefer*, 315 F. Supp. 2d 775, 782 n.10 (D. Md. 2004), *rev'd on other grounds*, 147 F. App'x 330 (4th Cir. 2005); *accord Am. Med. Sec., Inc. v. Barlett*, 915 F. Supp. 740, 747 (D. Md. 1996).

Compliance with these procedural safeguards, which afford the opposing party an adequate opportunity to respond to a demand for fees, is especially important here, insofar as dismissal for want of subject matter jurisdiction may not merit attorney's fees. Section 1988(b) authorizes a court to award "a reasonable attorney's fee" to "the prevailing party." 42 U.S.C. § 1983(b). A "prevailing party" is one whose lawsuit has generated a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept' of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 692–93 (1989)). Such an alteration arises where a party wins an "enforceable judgment[] on the merits [or a] court-ordered consent decree." *Id.* at 605. Noting a circuit split on the issue, the Fourth Circuit has twice reserved

## CONCLUSION

For the reasons stated above, the School's motion will be granted and Moore's complaint will be dismissed without prejudice for lack of subject matter jurisdiction.[3]

A separate order follows.

September 29, 2014              /s/
Date                            Catherine C. Blake
                                United States District Judge

---

determining whether, under Section 1988(b), "a defendant that successfully moves for dismissal for lack of subject matter jurisdiction can ever be a prevailing party under this definition." *S. Walk at Broadlands Homeowner's Ass'n Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 186 n.5 (4th Cir. 2013); *see also Wendt v. Leonard*, 431 F.3d 410, 414 (4th Cir. 2005). Notwithstanding its express reservation of that question, *Southern Walk* all but answered it. That case held that a litigant did not qualify as a "prevailing party," under a fee-shifting provision in a private contract, when it obtained a dismissal for want of standing, reasoning that such a dismissal "does not constitute a determination on the merits." *Southern Walk*, 713 F.3d at 186.

[3] It appears Moore has not served the Xaverian Brothers Generalate with process. The analysis applicable to Moore's claims against the School applies equally to his claims against the Xaverian Brothers Generalate. His claims against the Xaverian Brothers Generalate are thus also dismissed without prejudice.